Terry J. ROSS, Appellant,

v.

The STATE of Oklahoma.

No. F-77-651.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1977.

Romain S. Mossman, Woodward, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

This is an appeal by Terry J. Ross, hereinafter referred to as defendant, from a trial by jury in the District Court of Woodward County, wherein the defendant was found guilty of the crime of Obtaining Merchandise by Bogus Check pursuant to the provisions of 21 O.S.1971, § 1541.1 et seq. The District Court in following the recommendation of the jury, sentenced the defendant to a term of ten (10) years under the supervision of the Department of Corrections. From this judgment and sentence, the defendant is before this Court seeking reversal or modification of his conviction.

In seeking relief before this Court, the defendant urges two errors which are alleged to have occurred during his jury trial. First, that the trial court erred in failing to sustain his demurrer to the evidence inasmuch as the State's evidence was insufficient to show the intent required to commit the crime as charged and secondly, that the punishment imposed by the jury was excessive and requires modification by this Court.

The transcript reveals that the defendant appeared at the Gibson's Discount Store in Woodward, Oklahoma, on October 23, 1976, and purchased miscellaneous clothing items. These items were processed through the check-out and to make payment for these items, the defendant presented a personal check in the amount of $139.36 drawn on the First National Bank of Seiling, Oklahoma under the account name of Mr. and Mrs. Terry J. Ross. Mr. Kerry Eden, cashier, requested defendant's driver's license and after making a notation of the driver's license number on the check, had the check approved by department manager, Mr. Raymond Glennie. The defendant then left the store.

Mr. Raymond Glennie, Department Manager, testified that his initials appeared on the check in question and made an in court identification of the defendant. Mr. M. J. Ogden, Store Manager, testified that the check had been deposited in the Bank of Woodward in the ordinary course of business and stated that the check had been returned. He then filed the complaint with the District Attorney's Office. Mr. Jim Arnold, Undersheriff of Woodward County, testified that he obtained a copy of the defendant's driver's license from his personal property and that the number on the driver's license corresponded with the number under the defendant's signature on the check. Mr. Ogden further testified that payment has never been made on the check nor has the merchandise been returned.

The State's final witness James E. Pittman, Vice-President of the First National Bank of Seiling, told the jury that the check in question was presented for payment at his bank on either October 26th or 27th, but that the account had been closed on October 23, on information he received from a Mrs. Ruby Ford that the defendant had left Seiling, Oklahoma. Mr. Pittman

further testified that when the account was closed on October 23, 1976, the account was over-drawn $1.00 because of bank service charges for two checks which were previously returned for insufficient funds. Mr. Pittman stamped "account closed" on the check in evidence and returned it to the Gibson's store.

The State then rested its case and the defendant's demurrer to the evidence was overruled. The defendant then rested and presented no evidence.

In considering the defendant's first assignment of error, the trial court's failure to grant the demurrer to the evidence, we must consider the sufficiency of evidence involving a bogus check charge in light of 21 O.S.1971, § 1541.4. The State can establish prima facie evidence of intent to defraud by showing: (1) the check was drawn on a closed account, (2) the check was given in exchange for property, i. e. clothing purchased, and (3) payment was refused by the bank. The statute further provides that if a check is "covered" within five days from the date the check was presented to the bank or if the check is not presented for payment within thirty days after it is delivered and accepted, the intent to defraud may be rebutted. If the evidence were to show an arbitrary closing of defendant's checking account on the day he wrote the bogus check, as defendant asserts in his brief, that fact might tend to rebut a prima facie showing of intent. However, Mr. Pittman also testified that two previous checks had been returned and we also note that the defendant left the State without ensuring payment of the Gibson check. Fraudulent intent as an element of a crime is often not susceptible of proof by direct evidence, and hence must be inferred from a series of acts and pertinent circumstances. *Crosby v. U. S.,* 183 F.2d 373, cert. denied, 340 U.S. 906, 71 S.Ct. 274, 95 L.Ed. 656 (10th Cir. 1950); *U. S. v. Curtis,* 537 F.2d 1091, 1097 (10th Cir. 1976). The defendant failed to produce any evidence to rebut the State's evidence which was sufficient to establish a prima facie case. For these reasons, the demurrer was properly overruled.

Defendant also asks this Court to modify the sentence of ten (10) years as being excessive and disproportionate to the crime charged in view of its non-violent nature. It is well settled that this Court has the power to modify a sentence where justice requires, 22 O.S.1971, § 1066. The facts and circumstances of the trial reveal no aggravating circumstances or reasons for a sentence of ten (10) years. The defendant was not charged and convicted After Former Conviction of a Felony, 21 O.S. 1971, § 51. Considering all the facts and circumstances involved in this case, we feel justice is better served to modify the sentence set by the jury from ten (10) years to five (5) years.

For the above and foregoing reasons, the sentence is hereby MODIFIED from ten (10) years to five (5) years imprisonment and the judgment and sentence as MODIFIED are AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.