**Joe Charles AVANTS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–398.**

Court of Criminal Appeals of Oklahoma.

March 21, 1983.

## MEMORANDUM OPINION

BRETT, Judge:

Joe Charles Avants was convicted by jury of Assault With a Deadly Weapon, After Former Conviction of Two Felonies, in violation of 21 O.S.1979 Supp. § 652, in the District Court of Tulsa County, Case No. CRF–79–2908. He was sentenced to a term of thirty years' imprisonment.

Police officers Thompson and Fagan were summoned to the appellant's mother's home to investigate a reported domestic disturbance. After arriving at the home, the officers were directed to a bedroom where they found the appellant lying down. Officer Fagan requested the appellant stand up several times. The appellant replied that the officers had no right to be there and then reached under his pillow, grabbed a pistol and aimed at Officer Fagan. The officer immediately knocked the pistol to the floor and arrested the appellant.

Of the numerous propositions of error submitted by the appellant, we find it necessary to discuss only one as it merits reversal of the judgment and sentence.

The appellant was charged with assault with a deadly weapon pursuant to 21 O.S. 1979 Supp., § 652, which provides:

Every person who intentionally and wrongfully shoots another with any kind of firearm, with intent to kill any person, is punishable by imprisonment in the penitentiary not exceeding life. Any person who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in any manner attempts to kill another, or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding twenty (20) years.

The jury found him guilty of the same offense. The appellant complains that there was insufficient evidence at trial to convict him under § 652. We agree.

The information alleged that the appellant acted with "intent to do bodily harm."[1] The appellant, therefore, was charged under the second provision of § 652. A plain reading of that provision envisions not only an assault, but an accompanying battery. We have no indication that the legislature intended assault to be an element of § 652, unless coupled with a battery. Our belief is confirmed after comparing § 652 with § 645, where the Oklahoma Legislature specifically enumerated that one could be convicted for committing an "assault, battery, or assault and battery." It is our opinion that the legislature would have specifically enumerated "assault" under § 652 as a separate convictable offense, as was done in § 645, had they intended it to be one.

Battery is defined in section 642 of Title 21, of the Oklahoma Statutes as "any wilful and unlawful use of force or violence upon the person of another." We held in *Hall v. State*, 309 P.2d 1096 (Okl.Cr.1957), that a battery includes an assault, but assault does not include battery, and when assault culminates in a battery, the offense is assault and battery.

The evidence at trial gave no indication that a battery occurred. A gun was apparently pointed at one of the police officers, but no allegation of the gun firing or being used to strike the officer was made. The evidence supports a conviction for assault, which is "any wilful and unlawful attempt or offer with force or violence to do a corporal hurt to another." 21 O.S.1981, § 641. Without evidence of a battery, however, the appellant was improperly convicted under § 652, and his judgment and sentence must be Reversed and Remanded for further proceedings in accordance with the foregoing opinion.

CORNISH, J., concurs.

BUSSEY, P.J., dissents.

1. The information reads in pertinent part:
   Joe Charles Avants ... did unlawfully, feloniously, wilfully, wrongfully and intentionally, with intent to do bodily harm ... commit an assault upon one Robert Morgan Fagan, with a deadly weapon. . . .