David Lee ROSS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–18.

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1984.

Patty Palmer, Deputy App. Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

On appeal from his conviction of Uttering and Passing a Bogus Check, After Former Conviction of a Felony, Case No. CRF-81-240, and sentence of twenty (20) years imprisonment from the District Court of Garfield County, Oklahoma, the appellant, David Lee Ross, raises six assignments of error. The facts of the case are as follows:

On July 8, 1981, appellant purchased a Ford Bronco from an Enid, Oklahoma car dealership. In payment, appellant gave the dealership a check in the amount of $9,400 drawn on an Altus bank. The account on which the check was drawn in fact had a negative balance, and had for two months. Because of the negative balance, the bank closed the account on July 10, 1981, before receiving the $9,400 check for payment. The check was returned to the dealership's bank on July 17, 1981 stamped "Account Closed." The dealership's salesman testified that there was no agreement to "hold" the check.

Appellant contacted the dealership on July 14, 1981, and asked if the dealership was still holding the check, and was told it had been deposited in regular channels. The next day, appellant left for Nevada. It was then discovered the address given for appellant on the dealer's sales slip, 420 North Grand, was a vacant building, though appellant did live at 620 North Grand at the time of the sale. On July 21, 1981, appellant twice called the dealership, once talking to an Enid police detective. The detective told appellant that a warrant for his arrest had been issued, and asked appellant to return to Enid "to straighten the thing out." Appellant told the detective that the salesman was supposed to have held the check until financing could be arranged, but refused to tell the detective where he was.

On July 24, 1981, appellant obtained a certificate of title to the vehicle in Boise City, Oklahoma; and on July 27, 1981, the title was assigned to an auto dealer in Lamar, Colorado. Eventually, the Enid dealer got the vehicle back from the Colorado dealer.

Defense witnesses testified that appellant had applied for a $7,400 bank loan for a Ford Bronco on July 9, 1981, but was turned down; and that appellant was concerned over his inability to arrange financing. A friend of appellant testified that he had recommended appellant return the vehicle, but that instead, appellant went to Nevada, supposedly to get help from his mother and sister in paying for the vehicle.

## I.

Appellant's first assignment of error alleges that the evidence of intent to defraud and cheat was insufficient to support the verdict. We cannot agree.

■ While intent to defraud and cheat is a necessary element of the offense, it is often difficult to prove by direct evidence, and therefore may be shown by inference from the acts of a defendant. *Ross v. State*, 572 P.2d 1001 (Okl.Cr.1977). It is enough if there is sufficient evidence in the record for the jury to conclude the defendant is guilty. *Dunaway v. State*, 561 P.2d 103 (Okl.Cr.1977). Furthermore, it matters not that the evidence is in conflict and does not preclude all other inferences. *Gray v. State*, 527 P.2d 338 (Okl.Cr.1974). The resolution of such conflicts is the exclusive province of the jury. *Dunaway v. State*, supra.

■ In the present case, the facts certainly could create a reasonable inference of intent to defraud and cheat on the part of the appellant. For this reason, appellant's first proposition must fail.

## II.

■ Appellant next contends that the trial court erroneously failed to properly instruct the jury on his theory of defense, namely, a lack of intent to defraud and cheat. As he failed to request such an instruction, and failed to object to the instructions given, we will review the case only for fundamental error. *Long v. State*, 654 P.2d 647 (Okl.Cr.1982).

■ The instruction actually given to the jury regarding intent[1] accurately stated the law. Thus, no error was made, much less fundamental error. Appellant's contention that an instruction that refusal of a check by the drawee bank will, unexplained, "be prima facie evidence of intent to defraud," was specifically tailored to explain the prosecution's theory is totally

without merit, as the instruction mirrors relevant statutory language. See 21 O.S. 1981, § 1541.4.

## III.

In his third assignment of error, appellant claims his sixth amendment right to counsel was violated when he was permitted to represent himself at a preliminary hearing on the AFCF portion of the information; and that it was error for the trial court to refuse to remand for another preliminary hearing when counsel was eventually hired.

■ The second preliminary hearing was made necessary by the addition of an After Former Conviction of a Felony allegation to the information. *Carter v. State*, 292 P.2d 435 (Okl.Cr.1956). Appellant had discharged his original attorney and elected to represent himself. We must only determine whether that election "was made in a knowing, intelligent and voluntary manner." *Parker v. State*, 556 P.2d 1298, 1301 (Okl.Cr.1976). After reviewing the record, we believe that, in light of the limited purpose of the hearing and the subsequent hiring of counsel for trial, appellant's waiver of counsel met the required test. Therefore, the trial court's refusal to remand was correct.

## IV.

Appellant's fourth assignment of error alleges the state's introduction of a Journal Entry of Judgment and Sentence was insufficient to identify appellant as the same person named, and therefore the state had not met its constitutional due process burden of proof beyond a reasonable doubt.

1. Instruction number five (5) stated:

"You are instructed that before your body would be justified in finding the defendant guilty of the crime charged against him, it would be necessary for you to find from the evidence, beyond a reasonable doubt, that at the time of the alleged offense the said defendant had an intent on his part to cheat and defraud Finnegan-Collins Lincoln-Mercury, Inc., out of the motor vehicle described in the Information. The question of whether or not

the defendant then and there had such fraudulent intent is a question for your consideration from all the facts, evidence and circumstances submitted in the case.

You are further instructed that if the state has failed to establish such fraudulent intent on the part of the defendant by evidence to your satisfaction, beyond a reasonable doubt, or if you entertain a reasonable doubt as to whether such intent existed, it will be your duty to return a verdict of not guilty."

The names on the prior judgment and sentence and the information in the present case were identical. We have previously held that where the names are the same, it is prima facie evidence of identity and the burden of *producing* evidence to rebut that shifts to the defendant. *Mitchell v. State*, 659 P.2d 366 (Okl.Cr.1983). We believe this position comports with due process. As appellant presented no evidence in the sentencing phase of his trial, this assignment of error is without merit.

## V.

In his fifth assignment of error, appellant contends that improper argument by the prosecutor prejudiced him to the jury. We must agree. Of course, both parties are permitted a liberal freedom of speech and a broad range of discussion, illustration, and argumentation. See e.g. *Burrows v. State*, 640 P.2d 533 (Okl.Cr.1982). But that freedom is not unlimited, and in the present case, Assistant District Attorney, William Maxwell, exceeded those limits.

The prosecutor made numerous improper statements to the jury during his summations. He expressed his personal opinions in many statements beginning with, "I think," or "I believe," and by saying, "He is guilty. There isn't a doubt that he is guilty" (Tr. p. 202). He stated or commented on facts not in the record such as, "The Altus bank has never been paid for appellant's deficit account;" "Appellant sold the vehicle in Colorado;" and that "Appellant had been passing bogus checks for ten years," (based on appellant's single ten year old conviction for passing a bogus check).

The prosecutor also made improper characterizations of appellant, saying he had "conned" the dealership. He also improperly commented on the jury instruction that they could find appellant not guilty of having a former felony conviction, saying "[I]t would be a sham on the face of justice to say that he has not been convicted of a felony before because you have got a certified document he was, ..." (Tr. p. 236).

It was further error for the prosecutor to tell the jury what he would have done had the dealership not held his check as agreed (referring to appellant's theory of defense), and what he would have done if his child were on trial (referring to the failure of appellant's mother and sister to testify regarding his trip to Nevada).

Perhaps the worst impropriety was the following statement: Mentioning the fact in evidence that appellant had been presenting himself as an attorney to the dealership, the prosecutor said, "[S]ince the evidence before you is that he is an attorney, then as an attorney, I want to ask you do [sic] do one thing. If he is a person versed in the law, then hold him to that standard ... because it ought to be higher because of the training and because we are licensed to practice law in this state or wherever it may be." (Tr. p. 221).

Each of these statements represent areas we have found to be improper argument. See e.g. *Williams v. State*, 658 P.2d 499 (Okl.Cr.1983), *Ellis v. State*, 652 P.2d 770 (Okl.Cr.1982), *Lewis v. State*, 569 P.2d 486 (Okl.Cr.1977). We are compelled to find in the present case that the cumulative effect must have prejudiced the jury. This conclusion is reinforced by the fact that the jury recommended a sentence of twenty years imprisonment, an unusually high sentence for this offense.

## VI.

Appellant's sixth assignment of error is that the sentence is excessive. In light of the foregoing discussion, we are inclined to agree. We find the state's argument that the sentence is within the amount permissible by statute, and the jury could have given fifty or one hundred years, to be totally unpersuasive. In view of the fact that the evidence of appellant's guilt was far from conclusive, and the undoubtable prejudice created by the prosecutor's closing statements, we find the sentence should be modified to ten (10) years imprisonment.

Accordingly, for the foregoing reasons, the judgment and sentence is **AFFIRMED AS MODIFIED.**

BRETT, Judge specially concurring:

While I concur in this decision, I do not agree that all the statements cited in the majority opinion are error. Also, insofar as no objections were entered to the statements now complained of, they must be of a fundamental nature to be considered on appeal. Some of those statements may constitute fundamental error. I must agree that the prosecutor did state his personal opinion concerning appellant's guilt, which is clearly improper. And, the prosecutor's personal remarks concerning what he might have done if his check appeared to be subject to return by the bank are clearly irrelevant. Further, it was improper for the prosecutor to discuss the failure of appellant's mother and sister to make an appearance at appellant's trial. In short, I believe the prosecutor became carried away in his argument and did get outside the record.

Again however, I do not agree that the use of the word "conned" was improper. Two witnesses testified that appellant conned them; consequently the comments were a proper discussion of evidence before the jury. Also, at least two witnesses testified that appellant represented himself to them as being an attorney. Nonetheless, the prosecutor's long harrangue concerning the jury's holding of appellant to the standards of an attorney was unnecessary.

The prosecutor knew appellant was not an attorney. The prosecutor's statement to the jury that appellant had been passing bad checks for the past ten years, because ten years earlier he suffered a conviction for a similar crime, was improper. As I read the record there was no evidence indicating other bad checks were passed during that ten year period. Appellant was being tried for the one offense. Other imagined offenses should not have been expressed in order to enhance the punishment.

Because of the improper closing argument which may have overly impressed the jury, I therefore concur that the sentence was excessive and should be modified.

BUSSEY, Presiding Judge concurs in part and dissents in part:

I agree that the conviction should be affirmed because the evidence of the defendant's guilt is overwhelming. I would not, however, modify in view of his prior conviction and the failure of the defendant to preserve the issue for review on appeal by imposing contemporaneous objections at trial to the closing comments of which he now complains. See, for instance, *Hanna v. State*, 560 P.2d 985 (Okl.Cr.1977).