729 P.2d 509 (1986)
E. Earl WASHINGTON, Appellant,
v.
STATE of Oklahoma, Appellee.
No. F-84-390.
Court of Criminal Appeals of Oklahoma.
December 12, 1986.
E. Alvin Schay, Appellant Public Defender, Norman, for appellant.
Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Deputy Chief, Crim. Div., Oklahoma City, for appellee.

OPINION
PARKS, Presiding Judge:
The appellant, C. Earl Washington, was charged, tried and convicted in the District Court of Pottawatomie County, Case No. CRF-83-64, for the offense of Obtaining Cash or Merchandise by Bogus Check, After Former Conviction of Two or More Felonies. His punishment was assessed at twenty (20) years imprisonment.
On January 13, 1983, the appellant purchased baby clothes and other clothing at a Sears store in Shawnee. He tendered a check for the total price of $165.71. The check was drawn on an account in the name of "Voice of Truth Ministry, Inc." The check was signed by the appellant, the "Rev. C. Earl Washington."
On January 24, 1983, the check was returned to Sears unpaid, and was marked with the words, "Account Closed." The store tried unsuccessfully to contact the appellant by telephone and certified mail. The certified letter was returned "unclaimed."
A bank official testified that the bank had closed the checking account on September 22, 1982. The official also testified that the account had two authorized signors, the appellant and his wife. On cross-examination, the bank official further testified that, when the account was closed, the bank unsuccessfully attempted to contact the authorized signors by telephone and certified mail. The certified letter was returned "unclaimed." Mrs. Washington may have been notified by telephone of the closed account sometime in January, 1983, although the official was not sure. The *510 appellant was arrested for the offense on August 4, 1983. His wife returned to Sears on August 10, 1983, and paid the full amount of the returned check.
The appellant testified on his own behalf in the second stage of the proceeding. He testified that he is an ordained minister and head of the "Voice of Truth Ministry, Inc." The appellant operates a radio ministry which requires him to travel through several southern states at various periods of time. The appellant explained that he lost his left leg to cancer in 1960, when he was 19 years old. As a result of loosing his limb, he became addicted to drugs. The appellant admitted that he had been convicted of possession of illegal drugs and other drug related property offenses to support his habit. He finally testified that he had "kicked" his drug addiction in 1978. There is no indication in the record that the appellant has been convicted of a crime past 1977.
Appellant has raised four assignments of error with this Court. We find it unnecessary to address these assignments of error since the State failed to present evidence proving one of the requisite elements of the charged offense, and we must reverse the conviction on that basis.
The appellant was charged pursuant to 21 O.S. 1981, § 1541.2. The elements of that offense are set out in section 1541.1, and are as follows: Every person who, (1) with intent to cheat or defraud, (2) obtains or attempts to obtain (3) money, property, or a valuable thing (4) by means or use of any false or bogus check is guilty of the offense of Obtaining Cash or Merchandise by Bogus Check. We believe proof of this offense requires evidence of knowledge on the part of the accused that the check was bogus, in order to show the requisite intent to cheat or defraud. Cf. United States v. Carll, 105 U.S. (15 Otto) 611, 26 L.Ed. 1135 (1881). See also R. Perkins & R. Boyce, Criminal Law 862 (3d Ed. 1982).[1] The rationale underlying this holding is simple: One cannot obtain money, property or any other valuable thing with the specific intent to cheat or defraud unless one has knowledge the check used is somehow false or bogus. The "guilty knowledge" necessary to support a bogus check charge can seldom be proved by direct evidence. Ross v. State, 687 P.2d 1063, 1065 (Okl.Cr. 1984). Knowledge may be inferred by the jury from the facts and circumstances which satisfy them of its existence. Id.
The appropriate standard for reviewing the sufficiency of the evidence is whether a reasonably minded jury could conclude that the evidence is inconsistent with any reasonable hypothesis of the defendant's innocence. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Smith v. State, 695 P.2d 1360, 1362 (Okl.Cr. 1985). Only if we find that the jury must necessarily have had a reasonable doubt will the verdict be overturned. In making this assessment, we will view the evidence in the light most favorable to the State, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and will accept all reasonable inferences and credibility choices that tend to support the jury's verdict. Accord Ross v. State, supra.
In this case, however, the prosecution did not present any evidence that the appellant had knowledge, constructive or actual, of the account being closed. No explanation concerning the bank's decision to close the account was given, and the bank official testified the bank had been unsuccessful in contacting appellant about the status of the account. He was uncertain whether Mrs. Washington was ever *511 contacted about the account, although he "believed" the bank finally contacted her sometime in January, 1983. This evidence, however, conflicted with his prior testimony at preliminary hearing.
The prosecution also failed to present any evidence that the appellant had knowledge that the bank had refused payment on the check. Sears' efforts to contact the appellant were to no avail. The first instance the record discloses that the appellant had actual knowledge was on the day of his arrest, August 4, 1983. The check was promptly paid thereafter on August 10, 1983. Even taken in a light most favorable to the State, there is no evidence supporting the requisite element of knowledge on the part of the accused.
Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED with instructions to DISMISS.
BRETT, J., concurs.
BUSSEY, J., not participating.
NOTES
[1] Perkins further states in this regard that:

The relation of knowledge to guilt is a highly variable factor. At one extreme is found the type of offense for which knowledge of some particular matter is required for guilt by the very definition of the crime itself; as, uttering a forged instrument with knowledge of the forgery, receiving stolen property knowing it to have been stolen, knowingly and designedly obtaining the property of another by false pretenses, with intent to defraud, receipt of deposit by a banker knowing that his bank is insolvent, or transportation of a vehicle in interstate commerce, knowing it to have been stolen.
Id.