THOMPSON v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:THOMPSON v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 THOMPSON v. STATE
2018 OK CR 32
Case Number: F-2016-1117
Decided: 08/30/2018
ROY DALE THOMPSON, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 32, __ __

 



 





OPINION







LEWIS, VICE PRESIDING JUDGE:



¶1 Roy Dale Thompson, Appellant, was tried by jury and convicted of Count 1, second degree burglary, in violation of 21 O.S.2011, § 1435; Count 2, assault with a deadly weapon, in violation of 21 O.S.2011, § 652; Count 3, possession of a firearm after former conviction of a felony, in violation of 21 O.S.Supp.2014, § 1283(A); and Count 4, possession of a firearm during the commission of a felony, in violation of 21 O.S.Supp.2012, § 1287,[1] in the District Court of Lincoln County, Case No. CF-2015-370A. In the sentencing stage, the jury found Appellant committed these crimes after former conviction of two (2) or more felonies, and sentenced Appellant to life imprisonment and a $10,000.00 fine in each of Counts 1 through 4. The Honorable Cynthia Ferrell Ashwood, District Judge, pronounced judgment and ordered the sentences served concurrently.[2] Mr. Thompson appeals in the following propositions of error:

1. Mr. Thompson was denied due process when he was convicted of a crime that does not exist. The Judgment and Sentence for Count II must be vacated.

2. Mr. Thompson has suffered double punishment by his convictions and sentences on Count III--possession of a firearm after former conviction of a felony and Count IV-- possession of a firearm during the commission of a felony in violation of due process under the 14th Amendment to the United States Constitution and Art. II, § 7, of the Oklahoma Constitution.

3. Insufficient evidence was presented at trial to show beyond a reasonable doubt that Mr. Thompson committed the crime of possession of a firearm during the commission of a felony or the crime of burglary in the second degree.

4. Mr. Thompson was denied his right to the effective assistance of trial counsel, in violation of the 6th and 14th Amendments to the United States Constitution and Art. II, §§ 7, 9, and 20, of the Oklahoma Constitution.

5. Based on the facts and circumstances of this case, Mr. Thompson's sentences are grossly excessive and should shock the conscience of this Court.

6. Cumulative errors deprived Mr. Thompson of a fair proceeding and a reliable outcome.


FACTS


¶2 On the morning of November 25, 2015, Appellant and his accomplice, Marcus Catron, arrived in the small town of Davenport, Oklahoma, hoping to burglarize and perhaps steal one or more cars in the area. This plan led them to approach the home of the victim at around 10 a.m. Catron knocked at the door of the victim's residence. The victim, who had been paying bills, slipped his pistol into his back brace and opened the door. Catron then distracted the victim with some questions about raking his leaves. Appellant was already breaking into the victim's truck, looking for something to steal.


¶3 The victim declined Catron's offer to rake his leaves but stepped outside to direct him toward some other potential customers. Appellant saw the victim talking to Catron and shot his pistol at the victim through the windshield of the truck. The victim heard a bullet whiz past him, approximately a foot away, and strike the side of the house. The victim drew his pistol and returned several shots in Appellant's direction, wounding him in the belly. Appellant returned more shots as he took off running, and managed to get away. The victim ordered Catron to the ground at gunpoint and called police, who came and arrested him.


¶4 Around 5:30 p.m. that evening, another Davenport resident saw a man he didn't know stumbling along a road in Davenport, then falling down, and figured him for drunk. He told his wife to call police, but the man disappeared. A few hours later, this same man appeared on their front porch, leaning against the wall. Appellant told the couple he'd been hurt in a car accident and needed medical attention. He mentioned that his friend had been driving, but when asked where the friend was, Appellant said he didn't know.


¶5 The couple invited Appellant into their home and called police. Hearing their description of the man, police told the couple to quickly clear out of their house. Police later took Appellant into custody and eventually transported him to Tulsa, where he underwent surgery to remove a bullet fragment from his stomach. Appellant's weapon was never recovered.


ANALYSIS


¶6 In Proposition One, Appellant argues that his conviction under 21 O.S.2011, § 652(C)[3] for the crime of assaulting the victim with a deadly weapon, without proof of an accompanying battery, is reversible error. Because this question of statutory interpretation is raised for the first time on appeal, Appellant must show that a plain or obvious error affected the outcome of the proceedings. Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923; Simpson v. State, 1994 OK CR 40, ¶ 2, 876 P.2d 690, 692-93.


¶7 The amended information in Count 2 charged Appellant with assaulting the victim with a deadly weapon by shooting at him with intent to do bodily harm. The trial court's jury instructions on this count permitted a conviction of the charged crime based on the elements of assaulting another person with a deadly weapon. The court also instructed the jury that it could convict Appellant of the lesser-included offenses of assault with a dangerous weapon with intent to do bodily harm, in violation of 21 O.S.2011, § 645,[4] or of simple assault. By failing to object to the information or the trial court's instructions in these particulars, Appellant has waived all but plain error.


¶8 However, it is plain or obvious that a violation of section 652(C) requires not only proof of an assault, but also an accompanying battery. Avants v. State, 1983 OK CR 35, ¶¶ 4-7, 660 P.2d 1051, 1051-52; see also, OUJI-Cr(2nd), Instruction No. 4-3 (identifying section 652 offense as requiring "that the defendant commit both assault and battery"). The Court in Avants found that the Legislature could have specifically enumerated assault with a deadly weapon as a separate crime under section 652(C), but had not done so. Avants, 1983 OK CR 35, ¶ 5, 660 P.2d at 1052; see also, Meggett v. State, 1979 OK CR 89, ¶ 10, 599 P.2d 1110, 1114 (finding "[a]n assault--whether by firearm or by some other dangerous weapon--made without the intent to kill is proscribed by [21 O.S.2011,] § 645"). Under this longstanding interpretation of subsection 652(C), Appellant's conviction for assaulting the victim with a deadly weapon with intent to do bodily harm, without proof of an accompanying battery, is plainly erroneous.


¶9 We remedy plain error only when it seriously affects the fairness, integrity, or public reputation of the proceedings. Hogan, 2006 OK CR 19, ¶ 38, 139 P.3d at 923. A conviction under section 652(C) carries up to life imprisonment for a first offense, and is subject to the 85% Rule. 21 O.S.Supp.2015, § 13.1(5). Appellant's current conviction and life sentence thus render him ineligible for parole consideration for at least twenty (23) years, three (3) months longer than a non-85% life sentence. 57 O.S.Supp.2013, § 332.7(B)(requiring parole consideration after 1/3 of sentence); Anderson v. State 2006 OK CR 6, ¶ 24, 130 P.3d 273, 282-83 (noting Pardon and Parole Board policy of computing a life sentence as 45 years).


¶10 The overwhelming evidence at trial, and the jury's verdict that Appellant committed assault with a deadly weapon, establish beyond a reasonable doubt that Appellant is actually guilty of assault with a dangerous weapon with intent to do bodily harm or shooting at another with intent to injure, a felony violation of section 645.[5] This crime, after two (2) or more prior felony convictions, is punishable by twenty (20) years to life imprisonment, but is not subject to the 85% Rule.[6]


¶11 Appellant's erroneous conviction and sentence for a crime subject to the 85% Rule significantly affects his parole consideration eligibility, and thus seriously affects the fairness and integrity of the proceedings. We therefore exercise our discretion to remedy this error by modifying Appellant's conviction to assault with a dangerous weapon or shooting with intent to injure, after former conviction of two (2) or more felonies, and affirming the sentence of life imprisonment.[7] No additional relief is warranted.


¶12 In Proposition Two, Appellant claims his convictions and sentences for assault with a deadly weapon, possessing a firearm in the commission of a felony (burglary), and possessing a firearm after former conviction of a felony, punish him separately for a single criminal act in violation of 21 O.S. 2011, § 11. Reviewing for plain error, as defined above, this claim is without merit. While Counts 3 and 4 arose in part from one continuous act of firearm possession, Appellant's possession of the firearm in the commission of burglary is sufficiently "separate and distinct" from both his earlier criminal possession of the firearm and his subsequent assault of the victim to warrant separate punishments. Sanders v. State, 2015 OK CR 11, ¶¶ 8-12, 358 P.3d 280, 284-85 (finding possession of single, stolen firearm within defendant's home cannot be punished as both felon in possession and knowingly concealing stolen property; but that section 11 generally allows punishment for both the felonious possession of a firearm and for other crimes in which the weapon is possessed or used). Proposition Two is denied.


¶13 In Proposition Three, Appellant challenges the sufficiency of the evidence to show possession of a firearm in the commission of a felony (burglary), and the crime of second degree burglary. We determine whether the evidence, taken in the light most favorable to the prosecution, permits any rational trier of fact to find the essential elements of the crime charged beyond a reasonable doubt. Spuehler v. State, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04. This Court will accept all reasonable inferences and credibility choices that tend to support the verdict. Washington v. State, 1986 OK CR 176, ¶ 8, 729 P.2d 509, 510. We find the evidence sufficient in each count, and no relief is warranted. Proposition Three is denied.


¶14 In Proposition Four, Appellant argues that trial counsel was ineffective for failing to object to: (1) the improper conviction in Count 2 (see Proposition One); (2) the violations of section 11 (see Proposition Two); and the insufficient evidence of burglary and possession of a firearm in commission of burglary (see Proposition Three). We review these claims under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requiring Appellant to show both deficient performance and prejudice. Id., 466 U.S. at 687, 104 S.Ct. at 2064.


¶15 These claims are either moot or without merit. We agreed with Appellant that his conviction for assault with a deadly weapon was plainly erroneous, and modified the conviction to assault with a dangerous weapon or shooting with intent to injure. Appellant's remaining section 11 and sufficiency of the evidence claims are without merit. Assuming any deficiency in counsel's performance in failing to raise these errors at trial, Appellant cannot show a reasonable probability of a different outcome. Proposition Four is therefore denied.


¶16 Proposition Five challenges Appellant's life sentences as excessive. This Court will not disturb a sentence within statutory limits unless, under the facts and circumstances of the case, it shocks the conscience of the Court. Pullen v. State, 2016 OK CR 18, ¶ 16, 387 P.3d 922, 928. Appellant is a violent recidivist who fired several shots at his latest victim during an attempted auto burglary, and might have easily committed a senseless murder. His sentences do not shock the conscience. Proposition Five is denied.


¶17 Appellant argues in Proposition Six that the accumulation of prejudice from errors warrants relief. We remedied the only prejudicial error by modification. There is no other individual, harmful error, and no cumulative prejudice from individually harmless errors. Barnett v. State, 2011 OK CR 28, ¶ 34, 263 P.3d 959, 970. Proposition Six is therefore denied.


DECISION

¶18 The Judgment and Sentence in Count 2 is MODIFIED to assault with a dangerous weapon or shooting another with intent to injure, and otherwise AFFIRMED. The Judgment and Sentence in Counts 1, 3, and 4 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.


AN APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
HONORABLE CYNTHIA FERRELL ASHWOOD, DISTRICT JUDGE


 



 
 

 

 
APPEARANCES AT TRIAL
 
 

 
APPEARANCES ON APPEAL
 
 
 

 

 

 CHARLES MICHAEL THOMPSON
 104 W. 8TH
 CHANDLER, OK 74834
 ATTORNEY FOR DEFENDANT
 
 

 

 SARAH MACNIVEN
 P.O. BOX 926
 NORMAN, OK 73070
 ATTORNEY FOR APPELLANT
 
 
 

 

 

 EMILY MUELLER
 ASST. DISTRICT ATTORNEY
 811 MANVEL AVE., SUITE 1
 CHANDLER, OK 74834
 ATTORNEY FOR THE STATE
 
  
 
 

 

 MIKE HUNTER
 ATTORNEY GENERAL
 JOSHUA L. LOCKETT
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR APPELLEE
 
 
 





OPINION BY: LEWIS, V.P.J.
LUMPKIN, P.J.: Concur
HUDSON, J.: Concur
KUEHN, J.: Concur
ROWLAND, J.: Concur





FOOTNOTES




[1] The jury acquitted Appellant of Count 5, possession of burglary tools.





[2] Appellant must serve 85% of his sentence in Count 2 before he is eligible for consideration for parole. 21 O.S.Supp.2015, § 13.1 (5).





[3] The pertinent part of section 652(C), says:


Any person who commits any assault and battery upon another . . . by means of any deadly weapon . . . shall upon conviction be guilty of a felony punishable by imprisonment in the State Penitentiary not exceeding life (emphasis added).





[4] Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm, air gun, conductive energy weapon or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, upon conviction is guilty of a felony . . ." (emphasis added).





[5] The trial court's definition of "assault" required the jury to find Appellant guilty of a "willful and unlawful attempt or offer to do a bodily harm to another." We therefore find the jury's guilty verdict of assault in Count 2 tantamount to a verdict that Appellant shot at the victim with a formed intent to do bodily harm.





[6] With Appellant's two or more prior convictions, he is subject to the same sentence for either crime, ten (20) years to life imprisonment. 21 O.S.2011, § 51.1(B).





[7] Birdine v. State, 2004 OK CR 7, ¶ 6, 85 P.3d 284, 286 (modifying murder conviction to manslaughter, where necessary finding of fetus's viability to convict of murder was rendered doubtful under erroneous instruction, but evidence showed, beyond a reasonable doubt, that defendant committed manslaughter by killing an unborn quick child; and affirming life sentence).










 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 1979 OK CR 89, 599 P.2d 1110, MEGGETT v. STATE
Discussed
 2004 OK CR 7, 85 P.3d 284, BIRDINE v. STATE
Discussed
 2006 OK CR 6, 130 P.3d 273, ANDERSON v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed at Length
 2011 OK CR 28, 263 P.3d 959, BARNETT v. STATE
Discussed
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed
 2016 OK CR 18, 387 P.3d 922, PULLEN v. STATE
Discussed
 1983 OK CR 35, 660 P.2d 1051, AVANTS v. STATE
Discussed at Length
 1985 OK CR 132, 709 P.2d 202, SPUEHLER v. STATE
Discussed
 1986 OK CR 176, 729 P.2d 509, WASHINGTON v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Discussed
 21 O.S. 51.1, Punishment for Second and Subsequent Offenses after Conviction of Offense Punishable by Imprisonment in State Penitentiary
Cited
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited
 21 O.S. 645, Assault, Battery, or Assault and Battery with Dangerous Weapon
Discussed
 21 O.S. 652, Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Discussed
 21 O.S. 1283, Convicted Felons and Delinquents
Cited
 21 O.S. 1287, Use of Firearm While Committing a Felony
Cited
 21 O.S. 1435, Burglary in Second Degree - Acts Constituting
Cited
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 332.7, Persons Eligible for Consideration for Parole - Inquiry - Recommendation to Governor - Administrative Parole
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA