**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

                            No. 16-6024

BRITT JARRIEL HAMMONS,

    Defendant - Appellant.
_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. Nos. 5:15-CV-00912-F and 5:04-CR-00172-F-1)**
_____

Kyle Wackenheim, Assistant Federal Public Defender (Julia C. Summers, with him on the briefs), Office of the Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Timothy W. Ogilvie, Assistant United States Attorney (Mark A. Yancy, Acting United States Attorney, with him on the brief), Office of the United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.
_____

Before **BRISCOE**, **EBEL**, and **MURPHY**, Circuit Judges.
_____

**EBEL**, Circuit Judge.
_____

This case presents the question whether Oklahoma's drive-by shooting statute, Okla. Stat. tit. 21, § 652(B), qualifies as a violent felony under the federal Armed Career Criminal Act (ACCA). We hold that it does. Accordingly, we AFFIRM.

## I. BACKGROUND

In 2004, Britt Hammons pleaded guilty in federal court to possessing a firearm as a felon. His criminal history included three prior convictions under Oklahoma's drive-by shooting statute, Okla. Stat. tit. 21, § 652(B) (1992). It is undisputed that, at the time of sentencing, Hammons qualified for the ACCA's fifteen-year mandatory minimum sentence because his prior convictions would have met the definition of "violent felony" under the ACCA's residual clause.[1] See 18 U.S.C. § 924(e)(2)(B)(ii) (residual clause). The district court thus imposed the ACCA enhancement, but the Supreme Court struck down the residual clause in Johnson v. United States, 135 S. Ct. 2551 (2015). Now that the residual clause cannot be relied upon for the enhancement, Hammons seeks to vacate his sentence under 28 U.S.C. § 2255.[2]

On collateral review, the district court concluded that Hammons nevertheless qualified for the enhancement because his state-law convictions were violent felonies under the *elements* clause of the ACCA. Under that clause, a violent felony

---

[1] The sentencing record does not establish which clause of the ACCA was relied upon in the original sentence, nor does that make a difference in our analysis.

[2] The ruling in Johnson applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

2

includes any felony statute that "has as an element the use . . . of physical force against the person of another[.]"  18 U.S.C. § 924(e)(2)(B)(i).  Finding that Oklahoma's drive-by shooting statute contained such an element, the district court upheld the sentence.

## II.    DISCUSSION

The Oklahoma drive-by shooting statute in effect at the time of Hammons' convictions provided:

> Every person who *uses any vehicle to facilitate the intentional discharge of any kind of firearm, crossbow or other weapon in conscious disregard for the safety of any other person or persons* shall upon conviction be punished . . . .

Okla. Stat. tit. 21, § 652(B) (1992) (emphasis added).  The question is whether § 652(B) satisfies the requirement in 18 U.S.C. § 924(e)(2)(B)(i) that the crime of conviction "has as an element the use . . . of physical force against the person of another[.]"

This case calls for the application of the categorical approach, which examines the *elements* of the predicate state conviction in the abstract, rather than the precise *conduct* giving rise to that conviction.  E.g., Descamps v. United States, 133 S. Ct. 2276, 2283 (2013).  In doing so, we look to the least of the acts criminalized by the Oklahoma statute.  Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013).  In other words, if § 652(B) realistically reaches any conduct that does not involve the use of

2

physical force against another person, then a conviction under § 652(B) does not qualify as a violent felony under the ACCA's elements clause.  Id.

Hammons makes three arguments for why § 652(B) does not trigger the ACCA enhancement under the elements clause: (1) the statute permits conviction for merely operating a vehicle without the defendant actually discharging a weapon; (2) the statute requires proof of recklessness, which is not enough to qualify as a violent felony; and (3) the statute permits conviction based on the discharge of a weapon that does not involve force.  We reject each contention in turn.

A. <u>Section 652(B) Does Not Require the Offender To Discharge the Weapon Himself</u>

Section 652(B), by its plain terms, does not require the offender to discharge the weapon himself—he need only operate the vehicle while someone else in the car discharges the weapon.  Okla. Stat. tit. 21, § 652(B).  The statute thus does not require the defendant personally to have employed any physical force against another, so according to Hammons, a conviction under § 652(B) would not necessarily involve the offender's personal use of physical force.  But the elements clause does not require the offender himself to have employed the requisite physical force; instead it requires only that the predicate statute contain "as an element the use . . . of physical force."  18 U.S.C. § 924(e)(2)(B)(i).  Section 652(B) explicitly contains as an element "the intentional discharge" of a weapon, even if the trigger is pulled by someone other than the offender, e.g., a passenger in the car rather than the

2

driver. Because the predicate statute includes such an element, Hammons' argument fails.

### B. The Mental State Required to Violate § 652(B)

The mental state required to commit a predicate offense bears on our determination of whether that offense qualifies as a violent felony under the ACCA. See Voisine v. United States, 136 S. Ct. 2272, 2278-80 (2016); Leocal v. Ashcroft, 543 U.S. 1, 9 (2004). Hammons cites United States v. Zuniga-Soto, 527 F.3d 1110, 1124 (10th Cir. 2008), for the proposition that a reckless mental state does not meet the use-of-force requirement under a similarly phrased provision in the U.S. Sentencing Guidelines. Relying on that case, Hammons points out that § 652(B) requires only recklessness because an offender need only act "in conscious disregard" for the safety of others—so Hammons argues it does not qualify as a violent felony under the ACCA's elements clause.

But Hammons discounts an important element of the Oklahoma law. Section 652(B) requires that the offender use a vehicle "*to facilitate* the intentional discharge" of a weapon. Okla. Stat. tit. 21, § 652(B) (1992) (emphasis added). The phrase "to facilitate" indicates that the offender must have the specific intent to accomplish the intentional discharge of a weapon. See Burleson v. Saffle, 46 P.3d 150, 152 (Okla. Crim. App. 2002) (interpreting § 652(B) to require "the specific intent to discharge a weapon"). And it is already established that purposefully discharging a firearm in the direction of others satisfies the elements clause of the ACCA. United States v. Hernandez, 568 F.3d 827, 830 (10th Cir. 2009). Thus,

2

§ 652(B) contains as an element the intentional—not merely reckless—use of physical force against the person of another.[3]

The Supreme Court's recent decision in United States v. Voisine confirms the point. 136 S. Ct. 2272 (2016). In interpreting the word "use . . . of physical force" in 18 U.S.C. § 921(a)(33)(A)(ii), Voisine reasoned that because reckless conduct involves a "*deliberate* decision to endanger another," a predicate statute requiring only a reckless mental state would categorically involve the use of physical force. Id. at 2279 (emphasis added). The Court clarified that the categorical inquiry focuses on whether the force contemplated by the predicate statute is "volitional" or instead "involuntary"—it makes no difference whether the person applying the force had the specific intention of causing harm or instead merely acted recklessly. Id.; see also United States v. Mendez-Henriquez, 847 F.3d 214, 222 (5th Cir. 2017) (interpreting Voisine to establish a dividing line between "volitional acts [and] involuntary motion[,] not recklessness [and] intention").[4] We have already observed that Oklahoma's § 652(B) requires the deliberate use of physical force—the facilitation of

---

[3] There is no question that the physical force contemplated by Oklahoma's drive-by shooting statute is employed "against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Oklahoma Court of Criminal Appeals—the court of last resort for state criminal cases—has held that § 652(B) is "indisputably a crime against the person." Burleson, 46 P.3d at 152.

[4] We do not here decide whether Voisine abrogated our earlier precedent in Zuniga-Soto, 527 F.3d at 1124, which held that "recklessness falls into the category of accidental conduct" that "fail[s] to satisfy the use of physical force requirement" in a similarly worded federal sentencing guideline. We leave for another day a final determination on that question.

2

the intentional discharge of a weapon.  See Burleson, 46 P.3d at 152.  Accordingly, we conclude that § 652(B) necessarily involves "the use . . . of physical force against the person of another."

###### C.  Section 652(B)'s Inclusion of "Other Weapon"

Section 652(B) criminalizes the use of a vehicle to aid "the intentional discharge of any kind of firearm, crossbow or *other weapon* in conscious disregard for the safety of another person . . . ."  (emphasis added).  Hammons contends that this inclusion of "other weapon" defeats a categorical match because it permits a conviction even when the weapon does not involve or require the application of physical force against another person.  A predicate statute will qualify as a violent felony under the ACCA's elements clause only if—when looking to the least of the acts criminalized—the statute *necessarily* involves the use, attempted use, or threatened use of "physical force" against another person.  See Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013).  Hammons imagines some kind of weapon, such as an instrument that deploys hazardous chemicals, that could trigger a conviction under Oklahoma's § 652(B) but would not involve "the use . . . of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

We disagree for several reasons.  First, § 652(B) requires that the "other weapon" be "*discharge*[*d*]"—which is a quintessentially physical action.  Okla. Stat. tit. 21, § 652(B) (1992) (emphasis added).  The term "physical force" in the elements clause refers to the "mechanism by which the force is imparted," rather than the

2

physical effect on the victim. See United States v. Rodriguez-Enriquez, 518 F.3d 1191, 1194 (10th Cir. 2008) (exposing a victim to hazardous chemicals or poison is not "physical force" without using some actual kinetic force to cause the harm). Section 652(B)'s requirement that the "other weapon" be "discharge[d]" indicates that—whatever the weapon is—it must be used in a manner that involves the application of physical force.[5]

Second, the highest criminal court in Oklahoma observed that, in enacting § 652(B), "the Legislature intended to punish willful *use of force or violence* against another . . . ." Burleson, 46 P.3d at 153 (emphasis added). Third, the highest criminal court in Oklahoma has defined a "weapon" generally as "anything used or designed to be used in *destroying, defeating, or injuring* an enemy—an instrument of offensive or defensive combat." Beeler v. State, 334 P.2d 799, 806 (Okla. Ct. Crim. App. 1959) (emphasis added). These considerations confirm that § 652(B)'s reference to "other weapon" contemplates the use of an instrument that necessarily involves the use of physical force.

---

[5] There may be some question whether Rodriguez-Enriquez remains good law in light of subsequent Supreme Court decisions addressing the degree of physical force required under similar statutes. See Johnson v. United States, 559 U.S. 133, 140 (2010) (interpreting 18 U.S.C. § 924(e)(2)(B)(i)); United States v. Castleman, 134 S. Ct. 1405, 1414-15 (2014) (interpreting 18 U.S.C. § 921(a)(33)(A)(ii)). Hammons does not challenge the continued validity of Rodriguez-Enriquez in this case, so we offer no comment on that question. We simply note that Rodriguez-Enriquez furnishes only one of several grounds to reject Hammons' argument regarding the inclusion of "other weapon" in Oklahoma's drive-by shooting statute.

2

Finally, Hammons' invitation that we deny a categorical match based on the possibility that an offender could commit chemical warfare from the backseat of a car requires us to stretch our "legal imagination" beyond what is "realistically probab[le]." <u>Moncrieffe</u>, 133 S. Ct. at 1685. The Supreme Court in <u>Moncrieffe</u> cautioned us not to engage in such speculative adventures, so we decline to do so here. <u>Id.</u>

## III. CONCLUSION

A conviction under Oklahoma's drive-by shooting statute, Okla. Stat. tit. 21, § 652(B), categorically qualifies as a violent felony under the elements clause of the ACCA. We therefore AFFIRM.