**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHANE MCMAHAN,

    Defendant - Appellant.

No. 16-3308
(D.C. Nos. 2:16-CV-02319-JWL and 2:12-CR-20120-JWL-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Shane McMahan appeals the district court's order denying his 28 U.S.C. § 2255 motion. Specifically, McMahan argues that the sentencing court erred by relying on the now-defunct residual clause of the Armed Career Criminal Act (ACCA) of 1984, 18 U.S.C. § 924(e), when it imposed a 15-year prison sentence. *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (striking down ACCA's residual clause as unconstitutionally vague). But McMahan concedes that he has two convictions for crimes that constitute violent felonies under the ACCA's enumerated-offense clause. And we conclude today that his Kansas conviction for aggravated

_____

[*] This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

battery, *see* Kan. Stat. Ann. § 21-3414(a)(1)(C) (1995) (repealed 2011), constitutes a violent-felony conviction under the ACCA's elements clause. Thus, the sentencing court correctly imposed the ACCA's enhanced penalty. *See* § 924(e)(1) (imposing mandatory minimum 15-year prison sentence for defendants with three or more prior convictions for violent felonies or serious drug offenses who are subsequently convicted of being a felon in possession of a firearm). Accordingly, we affirm the district court's order denying McMahan's § 2255 petition.

## Background

In 2013, McMahan pleaded guilty to possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). As part of the plea, McMahan admitted he had six prior convictions for Kansas felonies: two for burglary of a dwelling, one for burglary of a vehicle, one for attempted criminal threat, one for conspiracy to commit robbery, and one for aggravated battery. The parties stipulated that McMahan would serve a 15-year prison sentence in exchange for the plea. *See* Fed. R. Crim. P. 11(c)(1)(C) (authorizing parties to a plea agreement to stipulate to appropriate sentence). The district court accepted McMahan's plea and sentenced him to 15 years in prison. *See id.* (stating that parties' stipulation regarding appropriate sentence "binds the court once the court accepts the plea agreement").

McMahan didn't appeal. But in 2015, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557; *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (applying *Johnson*

retroactively). Thus, after *Johnson* and *Welch*, the only offenses that constitute violent felonies for ACCA purposes are those that satisfy either its enumerated-offense clause or its elements clause. *See United States v. Pam*, 867 F.3d 1191, 1203 (10th Cir. 2017). In other words, predicate convictions for burglary, arson, extortion, or crimes that involve the use of explosives, *see* § 924(e)(2)(B)(ii), or for offenses that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), remain convictions for violent felonies under the ACCA. *See Pam*, 867 F.3d at 1203.

In light of this new legal landscape, McMahan moved to vacate his sentence under § 2255. He conceded that his two burglary-of-a-dwelling convictions remain convictions for violent felonies under the ACCA. But he argued that his other four convictions do not. The government responded that McMahan's 2003 aggravated-battery conviction under § 21-3414(a)(1)(C) "has as an element the use, attempted use, or threatened use of physical force against the person of another" and is thus a violent felony under the ACCA's elements clause. § 924(e)(2)(B)(i). Citing *United States v. Treto-Martinez*, 421 F.3d 1156 (10th Cir. 2005), the district court agreed and thus denied McMahan's petition. *See Treto-Martinez*, 421 F.3d at 1160 (holding that § 21-3414(a)(1)(C) constitutes "crime of violence" under United States Sentencing Guidelines' elements clause); *United States v. Williams*, 559 F.3d 1143, 1147 n.7 (10th Cir. 2009) (explaining that because ACCA's elements clause and

3

Guidelines' elements clause are substantively identical, we may look to cases interpreting one to interpret other).

We granted McMahan a certificate of appealability because we determined that the district court's conclusion was at least debatable. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). But for the reasons stated below, we ultimately agree with the district court's conclusion that § 21-3414(a)(1)(C) satisfies the ACCA's elements clause. Therefore, we affirm its order.

## Analysis

## I.    Preliminary Issues

Initially, we address two preliminary issues that arose at oral argument. First, we questioned whether the nature of McMahan's plea allows him to now attack his sentence under *Johnson*. As part of McMahan's plea agreement, the parties stipulated to a 15-year prison sentence. And once the district court accepted McMahan's plea, it became bound by that stipulation. *See* Fed. R. Crim. P. 11(c)(1)(C). Thus, McMahan arguably wasn't sentenced under the ACCA at all. *See Pam*, 867 F.3d at 1198 (explaining that under Rule 11(c)(1)(C), it's technically "the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced" (quoting *Freeman v. United States*, 564 U.S. 522, 535 (2011) (Sotomayor, J., concurring))). And if McMahan wasn't sentenced under the ACCA, then he couldn't have been sentenced under the ACCA's unconstitutional residual clause.

4

But as we've previously explained, when a defendant's "plea agreement expressly used the ACCA—specifically its statutorily mandated minimum term of imprisonment—to establish the agreed-upon 180-month sentence," the defendant may challenge that sentence as illegal under *Johnson*. *Pam*, 867 F.3d at 1198–99. Here, both McMahan's plea agreement and the district court's judgment expressly referenced § 924(e), which codifies the ACCA's mandatory 15-year minimum sentence. Thus, McMahan's sentence is based on the ACCA. And he may therefore challenge it as illegal under *Johnson*. *See Pam*, 867 F.3d at 1198–99.

Next, we questioned at oral argument whether we should reach the merits of McMahan's appeal given that he waived his right to collaterally attack his sentence as part of his plea. We assume without deciding that we could enforce McMahan's waiver had the government asserted it. *See United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005) (declining to invalidate plea agreement based on subsequent change in substantive law). But the government didn't invoke McMahan's collateral-attack waiver below. And it expressly declined to rely on the waiver at oral argument.

Collateral-attack waivers aren't jurisdictional, so we have no duty to enforce them sua sponte. *See United States v. Parker*, 720 F.3d 781, 786 n.4 (10th Cir. 2013). Whether we *may* enforce them sua sponte is, however, "not entirely clear." *Id.*; *cf. Day v. McDonough*, 547 U.S. 198, 202 (2006) (holding that courts may sua sponte dismiss habeas petitions as untimely when they "confront[] no intelligent waiver on the [s]tate's part," but warning that it would be "an abuse of discretion to override a

5

[s]tate's deliberate waiver of a limitations defense"). We need not resolve this question today; to the extent we have discretion to sua sponte enforce McMahan's collateral attack-waiver, we decline to exercise that discretion. Thus, we turn to the merits of McMahan's appeal.

## II.     McMahan's Aggravated-Battery Conviction

In relevant part, the ACCA imposes a 15-year mandatory minimum prison sentence on offenders with at least three prior violent-felony convictions. § 924(e)(1). After *Johnson*, a violent felony is an offense that (1) is "punishable by imprisonment for a term exceeding one year," § 924(e)(2)(B), and (2) either "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i); or "is burglary, arson, or extortion, [or] involves use of explosives," § 924(e)(2)(B)(ii). Because aggravated battery doesn't satisfy any portion of § 924(e)(2)(B)(ii)'s enumerated-offense clause, the only dispute here is whether McMahan's aggravated-battery conviction satisfies the ACCA's elements clause—that is, whether "the use, attempted use, or threatened use of physical force against the person of another" is an element of § 21-3414(a)(1)(C). § 924(e)(2)(B)(i).

At the time of McMahan's prior offense, § 21-3414(a)(1)(C) defined aggravated battery, in relevant part, as "intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement[,] or death can be inflicted." And the parties agree that "intentionally causing physical contact with

6

another person when done in . . . any manner whereby great bodily harm, disfigurement[,] or death can be inflicted," *id.*, is "the least of the acts" that § 21-3414(a)(1)(C) "criminalized" at the time of McMahan's offense, *United States v. Hammons*, 862 F.3d 1052, 1054 (10th Cir. 2017). Likewise, the parties agree we therefore need only resolve whether this particular language satisfies the elements clause. *See Hammons*, 862 F.3d at 1054 (explaining that under categorical approach, we look to whether "the least of the acts criminalized by the [applicable] statute" satisfies the elements clause).

Citing our opinion in *Treto-Martinez*, the district court ruled that § 21-3414(a)(1)(C) proscribes a violent felony under the ACCA's elements clause. In *Treto-Martinez*, we considered whether a violation of the exact same version of § 21-3414(a)(1)(C) constituted a crime of violence under a substantively identical elements clause in the United States Sentencing Guidelines.[1] *See* 421 F.3d at 1158–59. *Compare* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2005) (defining crime of violence, in relevant part, as "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* § 924(e)(2)(B)(i) (defining violent felony, in relevant part, as felony that "has as an element the use, attempted use, or threatened use of physical force

---

[1] Because of the similarity between the ACCA's elements clause and the Guidelines' elements clause, we often look to cases interpreting one to interpret the other. *Williams*, 559 F.3d at 1147 n.7. For our purposes—i.e., asking whether § 21-3414(a)(1)(C) contains, as an element, "the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i)—the analyses are identical under the ACCA and the Guidelines. McMahan doesn't argue otherwise.

against the person of another"). In concluding that § 21-3414(a)(1)(C) constitutes a crime of violence for purposes of § 2L1.2, we noted that the statute requires contact in a manner "whereby great bodily harm, disfigurement[,] or death can be inflicted." *Treto-Martinez*, 421 F.3d at 1160 (quoting § 21-3414(a)(1)(C)). And we reasoned that any such contact must inherently involve "at the very least . . . the 'threatened use of physical force.'" *Id.* at 1160 (quoting § 2L1.2 cmt. n.1(B)(iii)).

McMahan doesn't seek to distinguish *Treto-Martinez* from his case. Rather, he argues that *Treto-Martinez* is no longer good law. But we recently reaffirmed that *Treto-Martinez* remains the law of this circuit in *United States v. Trayon Williams*, No. 17-3071, 2018 WL 1885065, ---F.3d--- (10th Cir. Apr. 20, 2018), which we decided after oral argument in this case. *See id.* at *1, *5–6 (rejecting defendant's argument that *Treto-Martinez* is no longer good law and holding that current version of Kansas' aggravated-battery statute—which prohibits, in relevant part, "knowingly causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement[,] or death can be inflicted"—is a crime of violence under Guidelines' elements clause (quoting Kan. Stat. Ann. § 21-5413(b)(1)(B))). Therefore, *Treto-Martinez* continues to bind us here. Accordingly, we conclude that aggravated battery, as defined by § 21-3414(a)(1)(C), is a violent felony under the ACCA's elements clause.[2]

---

[2] Even if we concluded that § 21-3414(a)(1)(C) is no longer a violent felony under the elements clause, it's not clear that this would entitle McMahan to relief under § 2255. The parties don't address what effect, if any, our recent decision in

8

## Conclusion

McMahan concedes that his two convictions for burglary of a dwelling constitute ACCA predicates. And *Treto-Martinez*, which remains good law in this circuit, compels us to conclude that § 21-3414(a)(1)(C) contains "as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Thus, aggravated battery under § 21-3414(a)(1)(C) is a violent felony, and McMahan has the three violent-felony convictions required to sustain his sentence under § 924(e)(1). Accordingly, we affirm the district court's order denying McMahan's § 2255 motion.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

*United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017), might have on McMahan's claim. Because we affirm on other grounds, we need not discuss it either.