FILED
United States Court of Appeals
Tenth Circuit

April 10, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Defendant - Appellee,

v.

ANTHONY BARELA,

Plaintiff - Appellant.

No. 17-2165
(D.C. Nos. 1:16-CV-00588-WJ-KRS
and 1:13-CR-03892-WJ-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Anthony Barela, a federal prisoner, seeks a certificate of appealability (COA) to

challenge the district court's denial of his 28 U.S.C. § 2255 motion. We previously

remanded for the district court to decide in the first instance whether a COA should issue.

On remand, the district court denied the application for a COA. *United States v. Barela*,

No. 1:16-cv-00588-WJ-KRS, doc. 30 (D.N.M., filed June 15, 2016). With the application

now properly before us, we also deny Barela's COA application and dismiss this appeal.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

## BACKGROUND

In 2015 Barela pleaded guilty[1] to and accepted a fifteen-year sentence for being a felon in possession of a firearm. Because of his criminal history, Barela's presentence investigation report (PSR) recommended that the court sentence Barela under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). Neither the PSR nor the district court at sentencing revealed which clause of the ACCA supported the enhancement. But the parties agree that the district court found five qualifying predicate "violent felony" convictions: two counts of bank robbery in 2001 and three counts of armed robbery in 2002, all of which were rendered by New Mexico courts. Barela concedes that his two bank-robbery convictions qualify as violent felonies, but he disputes that his three armed-robbery convictions qualify.

After the Supreme Court struck down § 924(e)(2)(B)'s "residual clause" in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Barela moved under 28 U.S.C. § 2255 to vacate his conviction, arguing that New Mexico's armed-robbery crime is not a "violent felony" under § 924(e)(2)(B)'s "elements" clause. The district court denied Barela's motion and his application for a COA. Barela now asks this court to issue a COA. To obtain a COA, Barela must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. To do so, he "must demonstrate that reasonable

---

[1] The district court accepted a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C). In resolving this case, we need not decide whether this fact would bear on the merits of his claim.

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

To prove a *Johnson* claim, the petitioner has the burden to establish "that the sentencing court, more likely than not, relied on the residual clause to enhance his sentence under the ACCA." *United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018). When the sentencing record is silent or ambiguous as to which clause the district court relied on, we look to the "relevant background legal environment" to determine whether the district court relied on the residual clause. *See United States v. Snyder*, 871 F.3d 1122, 1130 (10th Cir. 2017), *cert. denied,* 138 S. Ct. 1696 (2018). If the law at the time would have permitted the district court to rely on the elements clause or the enumerated-offenses clause, then the petitioner will usually fail to meet this burden. *United States v. Washington*, 890 F.3d 891, 899 (10th Cir. 2018), *cert. denied,* 139 S. Ct. 789 (2019).

"To determine whether a prior conviction is categorically an ACCA violent felony, courts do not consider the facts underlying the prior conviction, however violent those facts may be." *United States v. Titties*, 852 F.3d 1257, 1265 (10th Cir. 2017). "Instead, the inquiry is whether the crime's elements satisfy the ACCA's definition of violent felony." *Id.* "If some conduct that would be a crime under the statute would not be a violent felony under the ACCA, then any conviction under that statute will not count toward an ACCA enhancement, regardless of whether the conduct that led to the defendant's prior conviction was in fact violent." *Id.* "A prior conviction is an ACCA

3

predicate only if the elements of the prior crime necessarily satisfy the ACCA definition." *Id.* at 1266.

The New Mexico statute at issue here reads as follows:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence. Whoever commits robbery is guilty of a third degree felony. Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

N.M. Stat. § 30-16-2.

New Mexico courts have long required a minimum amount of force to convert "larceny" into "robbery," holding that "robbery is committed when attached property is snatched or grabbed by sufficient force so as to overcome the resistance of attachment." *State v. Curley*, 123, 939 P.2d 1103, 1105 (N.M. Ct. App. 1997). However, "when no more force is used than would be necessary to remove property from a person who does not resist, then the offense is larceny, and not robbery." *Id.*; *see also State v. Bernal*, 146 P.3d 289, 296 (N.M. 2006) ("Our Court of Appeals has previously noted that robbery is distinct from larceny because it requires, and is designed to punish, the element of force."); *State v. Clokey*, 553 P.2d 1260, 1260 (N.M. 1976) ("[W]e conclude that the evidence supported the verdict of the jury that the snatching of the purse was accompanied by force sufficient to convert the crime from larceny to robbery.").

Barela's brief fails to mount any arguments that the district court relied on the residual clause, which he has the burden to establish. *See Driscoll*, 892 F.3d at 1135. Notwithstanding this failure, we have analyzed the sentencing record ourselves and

4

determined it to be silent as to which clause of the ACCA the district court relied on. *See* ROA vol. 5 at 6 ("[T]he sentence that I'm imposing is a 15-year sentence pursuant to the plea agreement. I'll also note that that's the minimum sentence for this offense, because under the statute, the Defendant meets the requirements by statute and he's classified as an armed career criminal."). Therefore, to prevail on his *Johnson* claim, Barela must establish that the relevant background legal environment would have made it more likely than not that the district court relied on the residual clause. *See Snyder*, 871 F.3d at 1130. As applied here, that would generally require Barela to demonstrate that, at the time he was sentenced, controlling law did not permit the district court to apply the elements clause or enumerated-offense clause for a crime that required merely enough force to overcome the resistance of the victim. *See id.*; *Washington*, 890 F.3d at 899. But Barela has failed to direct the court to any such relevant legal background environment. And we decline to shoulder this burden for him. We therefore conclude that Barela has failed to meet his burden of proving that the district court more likely than not relied on the residual clause. *See Driscoll*, 892 F.3d at 1135. And because "reasonable jurists" would not find this claim "debatable," we must deny Barela's application for a COA. *See Slack*, 529 U.S. at 484.

Moreover, even if Barela had proved that the district court relied on the residual clause, we would find that the error was harmless. *See United States v. Johnson*, 911 F.3d 1062, 1067 (10th Cir. 2018) (*Johnson* error is harmless if the defendant "would have qualified as an armed career criminal even without reliance on the Residual Clause"). Soon after Barela filed this application, the Supreme Court decided *Stokeling v. United*

*States*, which held that the ACCA's elements clause "encompasses robbery offenses that require the criminal to overcome the victim's resistance." 139 S. Ct. 544, 550 (2019).[2] And New Mexico courts distinguish "robbery" from "larceny" using a nearly identical standard as *Stokeling*: "robbery is committed when attached property is snatched or grabbed by sufficient force so as to overcome the resistance of attachment." *Curley*, 123, 939 P.2d at 1105; *Bernal*, 146 P.3d at 296; *Clokey*, 553 P.2d at 1260. Were we to remand for a resentencing, the district court would be required to apply current law—i.e., *Stokeling*. *See United States v. Montague*, 421 F.3d 1099, 1105 (10th Cir. 2005). And because Barela's robbery convictions would have required the state to prove that he "overc[a]me the resistance" of the victim, *Curley*, 123, 939 P.2d at 1105, *Stokeling* would compel the district court to find that New Mexico robbery is categorically a violent felony under the ACCA.[3] *See* 139 S. Ct. at 550. Therefore, even if we were to assume

---

[2] Our court has since applied *Stokeling* twice, finding that Kansas's robbery statute is *not* a violent felony, *United States v. Bong*, 913 F.3d 1252 (10th Cir. 2019), and that Missouri's robbery statute *is* a violent felony, *United States v. Ash*, No. 17-3223, 2019 WL 1120404, at *4–5 (10th Cir. Mar. 12, 2019). In *Bong*, we held that Kansas robbery is categorically not a violent felony because Kansas courts will uphold a robbery conviction for "purse-snatching . . . without any application of force directly to the victim." 913 F.3d at 1264. But in *Ash*, we held that Missouri robbery categorically qualifies as a violent felony because the Missouri Court of Appeals has "reversed robbery convictions in cases in which the defendant did not overcome victim resistance" and "upheld robbery convictions in cases in which force was used to overcome victim resistance." 2019 WL 1120404, at *4–5.

[3] Because we conclude that New Mexico simple robbery is categorically a violent felony under the ACCA, we do not need to consider whether New Mexico armed robbery, which requires possession of a "deadly weapon" during the robbery, is a violent felony. *See United States v. Bettcher*, 911 F.3d 1040, 1042 (10th Cir. 2018) (holding that Utah's second-degree aggravated assault is a violent felony because it requires use of

that the district court necessarily relied on the residual clause, such an error would be harmless. *See Johnson*, 911 F.3d at 1067.

## CONCLUSION

We deny Barela's application for a COA and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

either "a dangerous weapon" or "other means or force likely to produce death or serious bodily injury").